**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HAWAII STRUCTURAL IRONWORKERS PENSION TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMC ENTERTAINMENT HOLDINGS, INC., *et al.*,<br><br>Defendants. | : | No. 1:18-cv-00299-AJN-SLC<br><br><br><br><br><br><br><br>November 1, 2021 |

**DECLARATION OF LAURIE RUBINOW IN SUPPORT OF PLAINITFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Laurie Rubinow, hereby declare under penalty of perjury under the laws of the United States and the State of New York, as follows:

1. I am a Partner in the law firm, Miller Shah LLP ("Miller Shah" or "Lead Counsel"), and I am a member of the bar of the state of New York, as well as this Court. I am one of the attorneys who has worked on the above-captioned action (the "Action") since its earliest stages and I have personal knowledge of the facts set forth herein. I have worked closely with Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or "Additional Counsel"), additional counsel for the Class in this Action.[1]

2. Attached as Exhibit 1 is a copy of the Stipulation and Agreement of Settlement dated November 1, 2021 (the "Stipulation"), including all exhibits to the Stipulation:

[1]Miller Shah and Robbins Geller are hereafter referred to collectively as the "Firms."

**Exhibit A** – [Proposed] Preliminary Approval Order; [2]

**Exhibit A-1** – [Proposed] Notice;

**Exhibit A-2** – [Proposed] Summary Notice;

**Exhibit A-3** – [Proposed] Proof of Claim Form; and

**Exhibit B** - [Proposed] Judgment.

3. Plaintiffs, the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware ("Operating Engineers" or "Lead Plaintiff") and Hawaii Iron Workers Pension Trust Fund ("Hawaii Iron Workers" or "Additional Plaintiff," and with Lead Plaintiff, "Plaintiffs"), have actively participated in the Action from the outset and assisted the attorneys at Miller Shah in drafting the pleadings and other papers in this Action, consulted with the Firms' attorneys as needed, answered discovery requests, provided information to the Firms' attorneys and assisted the Firms in representing the interests of the Class, and participated in strategy and settlement discussions with the Firms' attorneys. Plaintiffs also have participated in regular conference calls and other meetings with the Firms to ensure that they remained fully apprised of all developments in this litigation. Plaintiffs fully understand the nature of their claims and their duties and responsibilities as class representatives, and Plaintiffs have no interests antagonistic to the interests of other Class Members.

4. Plaintiffs are two pension funds that invest hundreds of millions of dollars and provide retirement benefits for thousands of members. Operating Engineers and Hawaii Iron Workers purchased shares of AMC common stock during the Class Period and Hawaii Iron Workers purchased shares of AMC common stock pursuant to the February 2017 SPO.

[2]Capitalized terms not otherwise defined herein shall have the same meaning as the accompanying Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and the Stipulation.

Plaintiffs have been appointed to represent the Class, which is comprised of similarly situated purchasers of AMC common stock.

5. The Firms' attorneys are experienced in class action litigation, including in securities class actions, and have recovered tens of billions of dollars on behalf of their clients in such cases. Miller Shah has achieved multiple meaningful settlements in securities class actions, including in *United Food & Commercial Workers Union & Participating Food Indus. Employers Tri-State Pension Fund v. Advanced Emissions Sols., Inc.*, No. 14-cv-01243-CMA-KMT (D. Colo.), and *Ratz v. PhotoMedex, Inc.*, No. 2:13-cv-06808-PSD (E.D. Pa.). In addition, Miller Shah has significant experience in other types of complex litigation. In 2020, James E. Miller, who worked actively on this litigation, was named whistleblower lawyer of the year by Taxpayers Against Fraud ("TAF"), a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein et al. v. Teva Pharmaceuticals et al.*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in this District before Judge Gardephe and Chief Judge McMahon, respectively. Likewise, Robbins Gellar has a formidable securities team and its attorneys have been appointed to leadership roles in some of the most significant securities cases prosecuted in this judicial district and throughout the United States on behalf of investors. The attorneys of the Firms have the experience, expertise, aptitude, and resources necessary to properly represent the interests of the Class, as they have throughout this litigation and in its proposed resolution.

6. During the course of this litigation, the parties engaged in significant discovery, exchanging document requests, interrogatories, requests for admissions, and producing and reviewing over 1,000,000 pages of documents and electronically stored information. The parties

also conducted 24 depositions of fact witnesses (16 noticed by Plaintiffs and 8 noticed by Defendants), including corporate representatives of AMC and Citi, senior executives of AMC, including certain of the Individual Defendants, and current and former AMC and Carmike employees with knowledge of the subjects of the alleged misrepresentations and omissions. Defendants deposed Plaintiffs and the confidential witnesses cited in the Second Amended Complaint.

7. While litigating the Action, the parties engaged in a lengthy process in which they communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and any potential recovery on behalf of the Class, including in a two-day mediation session, and Class Counsel conducted independent analyses to support Plaintiffs' claims and the Settlement, including extensive consultation with experts. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

8. As noted above, the Firms have significant experience in similar litigation, and are well-informed as to the specifics of this Action. The Firms' thorough investigation, coupled with the significant document discovery conducted in this Action, has afforded them a significant understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the Action. In addition, the Firms have engaged in extensive consultation with experts in assessing the claims, defenses, and potential damages in connection with their negotiation of the Settlement.[3] The parties conducted depositions of each of the seven disclosed experts in this Action.

[3]In relevant part, Plaintiffs' expert opined that AMC's common stock was artificially inflated by $1.11 throughout the Class Period, and that investors who purchased AMC common stock during

9. Based upon the claims remaining in the case, Plaintiffs' expert has calculated that the proposed Settlement represents a greater than 40% recovery rate at the low end of realistic damages calculations and greater than 10% of the high end of realistic damages calculations (which does not account for any negative causation offset), exclusive of attorneys' fees and Litigation Expenses. While figures in this damages calculation range are defensible, the potential of achieving a recovery at the higher end is less certain than achieving a recovery at the lower end.

10. Class Counsel have determined to limit their fee request to not more than one-third of the Settlement Fund and are requesting payment of expenses up to $1,300,000, as well as reimbursement of litigation-related expenses of Lead Plaintiff up to $15,000 in the aggregate, pursuant to 15 U.S.C. § 78u-4(a)(4).

11. The Firms have fully investigated and developed this Action, reviewed significant discovery, worked with experts, and engaged in motion practice to properly and vigorously represent the interest of the Class, and they will continue to do so.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of November, 2021 at Chester, Connecticut.

/s/ Laurie Rubinow
Laurie Rubinow

---

the Class Period and held it past the corrective disclosure event suffered actual economic losses of $1.11 per share.