# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HAWAII STRUCTURAL IRONWORKERS PENSION TRUST FUND, Individually and on behalf of all others similarly situated, | : : : : : | Civil Action No. 1:18-cv-00299-AJN (Consolidated for all purposes with Civil Action No. 1:18-cv-00510-AJN) |
| Plaintiff, | : : | |
| v. | : : | |
| AMC ENTERTAINMENT HOLDINGS, INC., *et al.*, | : : : | |
| Defendants. | : | |

---

**STIPULATION AND AGREEMENT OF SETTLEMENT**

---

This Stipulation and Agreement of Settlement, dated as of November 1, 2021 (the "Stipulation"), is made and entered into by and among (i) the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware ("Operating Engineers") and the Hawaii Iron Workers Pension Trust Fund ("Hawaii Iron Workers" and, together with Operating Engineers, "Plaintiffs"),[1] on behalf of themselves and each of the Class Members;[2] and (ii) AMC Entertainment Holdings, Inc. ("AMC" or the "Company"), Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Mao Jun Zeng, Anthony J. Saich, Lloyd Hill, Gary F. Locke, Howard W. Koch, Jr., and Kathleen M. Pawlus (collectively, the "Individual Defendants" and, together with AMC, the "AMC Defendants"), and Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), Barclays Capital Inc., and Credit Suisse Securities (USA) LLC (collectively, the "Underwriter Defendants" and, together with the AMC Defendants, "Defendants"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned Action. This Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims, and result in the complete dismissal of the Action with prejudice, upon and subject to the approval of the Court and the terms and conditions herein, without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

---

[1] Hawaii Iron Workers Pension Trust Fund was previously known as Hawaii Structural Ironworkers Pension Trust Fund.

[2] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1.

**WHEREAS:**

A.      On January 12, 2018, Hawaii Iron Workers filed a class action complaint, Civil Action No. 1:18-cv-00299-AJN (Dkt. 1), against Defendants in the United States District Court for the Southern District of New York (the "Court"), on behalf of all purchasers of AMC Class A common shares (hereinafter, the "common stock" or "common shares") in the Company's secondary public offering (the "SPO") on or about February 8, 2017, asserting claims under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933, as well as on behalf of purchasers of AMC common shares between December 20, 2016 and August 1, 2017, inclusive (the "Class Period"), asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  The case was assigned to the Honorable Alison J. Nathan.

B.      On May 30, 2018, the Court appointed Operating Engineers as lead plaintiff ("Lead Plaintiff") and its counsel as lead counsel ("Lead Counsel") (Dkt. 88).  Operating Engineers and its counsel agreed to jointly litigate the Action with Hawaii Iron Workers and its counsel.

C.      On August 13, 2018, Plaintiffs filed an Amended Class Action Complaint, and, per the Court's order, refiled it on August 15, 2018 (Dkt. 96).  Defendants moved to dismiss the Amended Class Action Complaint on October 12, 2018 (Dkt. 106), and Plaintiffs filed a Second Amended Complaint on November 26, 2018 (Dkt. 117).

D.      Defendants moved to dismiss the Second Amended Complaint on January 22, 2019 (Dkts. 124, 127), and Plaintiffs opposed Defendants' motions on February 25, 2019 (Dkt. 131). On September 23, 2019, the Court granted Defendants' motions in part (Dkt. 137).  Defendants answered the Second Amended Complaint on November 6, 2019 (Dkts. 147, 148).  Thereafter, the parties engaged in substantial fact and expert discovery, including the production of more than one

million pages of documents in response to document requests and subpoenas, the production of 15 expert reports, the taking of 24 fact depositions and eight expert depositions, and responding to written discovery, including interrogatories and requests for admission.

      E.    Plaintiffs moved for class certification on March 2, 2020 (Dkt. 155), and Defendants opposed Plaintiffs' motion on July 22, 2020 (Dkt. 163).  The Court granted Plaintiffs' motion on March 30, 2021, and certified Plaintiffs as class representatives and appointed Lead Counsel as class counsel (Dkt. 198).

      F.    Certain of the parties engaged in a private mediation before David Geronemus, Esquire of JAMS (the "Mediator"), with the first session taking place on November 18, 2020. Though not immediately successful, the parties continued to discuss resolution of the Action with the Mediator's assistance while continuing to litigate the Action.

      G.    After significant advancement of the Action, and as the parties were preparing summary judgment motions (Dkt. 204), the parties reached an agreement in principle to settle the Action on or about September 3, 2021, and so informed the Court (Dkt. 207).

      H.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties.

      I.    Plaintiffs and their counsel have concluded, after due investigation and carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that (i) it is in the best interests of the Class to enter into this Stipulation in order to avoid the uncertainties of litigation and to ensure that the benefits reflected herein are obtained for the Class and (ii) the terms and conditions of this Stipulation are fair, reasonable, and adequate, and in the best interests of the Class Members.

J.      Defendants believe that they are not liable for the claims asserted against them in the Action and that they have good and meritorious defenses to those claims.  They have nevertheless agreed to enter into this Stipulation solely to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy.  Each of the Defendants denies any liability or wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant with respect to any claim or allegation of, any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims and expressly deny any and all allegations of fault, liability, wrongdoing, and damages.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Settling Parties, through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, applicable provisions of the Securities Act and the Exchange Act, and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties hereto, that the Action and all Released Claims as against the Released Parties shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon and subject to the following terms and conditions:

## I.      DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

4

a)      "Action" means the action pending in the Court with the caption *Hawaii Structural Ironworkers Pension Trust Fund v. AMC Entertainment Holdings, Inc., et al.,* Case No. 1:18-cv-00299-AJN (S.D.N.Y.), including, without limitation, all cases consolidated under that caption.

b)      "Authorized Claimant(s)" means a Class Member that timely submits a valid Proof of Claim Form to the Claims Administrator in accordance with the requirements established by the Court, and that is approved by the Claims Administrator for payment from the Net Settlement Fund.

c)      "Claim(s)" means a claim submitted by a Class Member to the Claims Administrator for payment pursuant to the Plan of Allocation.

d)      "Claims Administrator" means Strategic Claims Services.

e)      "Class" means the class certified in the Court's order, dated March 30, 2021, and includes:  all persons and entities who purchased or otherwise acquired AMC Class A common shares in the Company's SPO on or about February 8, 2017, as well as all persons and entities who purchased or otherwise acquired the common stock of AMC Entertainment Holdings, Inc. (ticker symbol: AMC) between December 20, 2016 and August 1, 2017, both dates inclusive.  Excluded from the Class are:  (i) Defendants, directors, officers, and other employees of AMC, their families, and any entities in which any of the Defendants have a majority interest, the legal representatives, heirs, successors, predecessors-in-interest, or assigns of any of the Defendants, and the Judge(s) to whom this case is assigned, provided, however, that any Investment Vehicle shall not be excluded from the Class; and (ii) any putative members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure.

f)      "Class Counsel" means Miller Shah LLP (Lead Counsel) and Robbins Geller Rudman & Dowd LLP (additional counsel for Plaintiffs).

g)      "Class Member(s)" means a person or entity that is a member of the Class.

h)      "Class Period" means the period from December 20, 2016 through August 1, 2017, both dates inclusive.

i)      "Defendants" means, collectively, AMC Entertainment Holdings, Inc., Adam M, Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Mao Jun Zeng, Anthony J. Saich, Lloyd Hill, Gary F. Locke, Howard W. Koch, Jr., Kathleen M Pawlus, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), Barclays Capital Inc., and Credit Suisse Securities (USA) LLC (and each, individually, a "Defendant").

j)      "Defendants' Counsel" means Weil, Gotshal & Manges LLP and Shearman & Sterling LLP.

k)      "Effective Date" means the first day on which the Stipulation shall become effective as set forth in ¶ 36 below.  Lead Counsel shall advise Defendants' Counsel and the Claims Administrator promptly after it has determined that it believes the Effective Date has occurred.

l)      "Escrow Account" means an escrow account established, maintained, and controlled by the Escrow Agent into which Defendants shall deposit or cause to be deposited the Settlement Amount.

m)      "Escrow Agent" means Miller Shah LLP.

n)      "Existing Derivative Actions" means the pending derivative actions captioned *Gantulga v. Aron, et al.*, Case No. 1:18-cv-10007-AJN (S.D.N.Y.), *Kenna v. Aron, et al.*, Case No. 1:19-cv-09148-AJN (S.D.N.Y.), *Manuel v. Aron, et al.*, Case No. 1:20-cv-02456-AJN (S.D.N.Y.),

*Dinkevich v. Aron, et al.*, Case No. 1:20-cv-02870-AJN (S.D.N.Y.), and *Lyon v. Aron, et al.*, Case No. 1:21-cv-07940-AJN (S.D.N.Y.).

o)   "Final" means, with respect to any order of the Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when (i) no appeal has been filed and the prescribed time for commencing any appeal under any applicable rule has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or *mandamus*, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation or to the Court's award of Class Counsel's fees and/or expenses shall not in any way delay or affect the time set forth above for the Judgment to become Final.

p)   "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement, Stipulation, and Class Counsel's request for an award of attorneys' fees and Litigation Expenses.

q)   "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as

an investment advisor or manager, but in which any Defendant alone or together with his, her, or its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

r)      "Judgment" means the order of final judgment to be entered by the Court, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit B.

s)      "Lead Counsel" means Miller Shah LLP.

t)      "Lead Plaintiff" means the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware.

u)      "Litigation Expenses" means the reasonable costs and expenses incurred by Class Counsel and additional counsel in connection with commencing and prosecuting the Action, for which Class Counsel intends to apply to the Court for payment from the Settlement Fund. Litigation Expenses may also include reimbursement of the reasonable costs and expenses (including lost wages) of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4) and/or 15 U.S.C. § 77z-1(a)(4).

v)      "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

w)      "Notice" means the Notice of Pendency of Class Action and Proposed Settlement (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Class Members.

x)      "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably incurred by the Claims Administrator in connection with:  (i) providing notice to the Class; and (ii) administering the claims process, including, without limitation, the actual costs of publication, printing, and mailing of the Notice, reimbursements to nominee owners for forwarding

the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with identifying Class Members, providing notice, and processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent.  Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $500,000.00 in Notice and Administration Costs actually and reasonably incurred and associated with the administration of the Settlement.  Prior to the Effective Date, payment of any Notice and Administration Costs exceeding $500,000.00 shall require notice to, and agreement from, Defendants, through Defendants' Counsel.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Notice and Administration Costs in excess of $500,000.00.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants.

y)      "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in ¶ 18 below and in the Notice, or such other plan of allocation that the Court approves.  The Plan of Allocation is not part of the Settlement, and Defendants and the Released Parties shall have no responsibility for the Plan of Allocation or its implementation, and no liability with respect thereto.

z)      "Plaintiffs" means, together, the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware and the Hawaii Iron Workers Pension Trust Fund.

aa)     "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement, and directing that Notice be provided to the Class, which,

subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

bb)     "<u>Proof of Claim Form</u>" means the form provided to Class Members by the Claims Administrator for purposes of submitting a Claim, substantially in the form attached hereto as Exhibit A-3.

cc)     "<u>Released Claims</u>" means any and all actions, causes of action, claims (including "Unknown Claims," defined below), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, sums of money, covenants, contracts, controversies, agreements, promises, contributions, indemnities, and liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary, or otherwise, and any fees, costs, expenses, or charges), whether known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, whether class, derivative, or individual in nature, whether or not concealed or hidden, which now exist, or heretofore have existed, or can, shall, or may exist, whether arising under federal, state, common, statutory, administrative, or foreign law, regulation, or in equity, whether based on contract, tort, statute, law, equity, or otherwise, that (a) Plaintiffs have asserted in the Action or could have asserted in the Action or in any other proceeding or forum, whether directly, representatively, derivatively, or in any other capacity, that arise out of, relate to, concern, are based upon, or in any way are connected to, the allegations, claims, transactions, facts, circumstances, disclosures, matters, occurrences, events, failures, representations, statements, or omissions alleged, involved, set forth, or referred to in the Second Amended Complaint; (b) would have been barred by *res judicata*, claim preclusion, issue preclusion, or collateral estoppel had the

10

Action been fully litigated to a final judgment; or (c) were, could have been, or in the future could be, asserted in any forum or proceeding or otherwise by any Class Member that relate to the purchase, sale, or acquisition of AMC common stock pursuant to the SPO or during the Class Period or the holding of AMC common stock purchased or acquired pursuant to the SPO or during the Class Period.  Released Claims do not, however, include the claims asserted in the Existing Derivative Actions or claims to enforce the Settlement and this Stipulation.

dd)      "Released Party" and "Released Parties" means each of the Defendants and their respective past, present, or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any Defendants, and each of their respective predecessors, successors, assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

ee)      "Settled Defendants' Claims" means any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Defendants, a Released Party or the Released Parties, against Plaintiffs, any of the Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Settled Defendants' Claims do not, however, include claims to enforce the Settlement or this Stipulation.

ff)      "Settlement" means this Stipulation and Agreement of Settlement and the settlement memorialized herein.

gg)      "Settlement Amount" means Eighteen Million Dollars ($18,000,000).

hh)      "Settlement Fund" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

ii)      "Settling Parties" means Plaintiffs, on behalf of themselves and the Class, and Defendants (and each, individually, a "Settling Party").

jj)      "SPO" means AMC's secondary public offering on or about February 8, 2017.

kk)      "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, which shall be substantially in the form attached hereto as Exhibit A-2, to be published as set forth in the Preliminary Approval Order.

ll)      "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

mm)      "Tax Expenses" means any reasonable expenses and costs incurred in connection with the payment of Taxes or the preparation of tax returns, including, without limitation, reasonable expenses of tax attorneys, accountants, and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns.

nn)      "Unknown Claims" means any and all Released Claims, of every nature and description, that Plaintiffs or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of a Released Party or the Released Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of a Released Party or the Released Parties, or might have affected his, her, or its decision not to object to this Settlement or not to exclude himself, herself, or itself from the Class or to release the Released

Claims.  With respect to any Settled Defendants' Claims, "Unknown Claims" means any and all Settled Defendants' Claims, of every nature and description, which Defendants and any other Released Party or Released Parties do not know or suspect to exist in their favor at the time of the release of Plaintiffs, the Class Members, and their attorneys, which, if known by them, might have affected their decisions with respect to the release of the Settled Defendants' Claims or the Settlement.

## II.      SETTLEMENT CONSIDERATION

2.      AMC, on behalf of all Defendants, shall cause its insurers to deposit the Settlement Amount into the Escrow Account by wire transfer or delivery of a check by no later than thirty (30) calendar days after the later of:  (i) entry of the Preliminary Approval Order by the Court, or (ii) receipt by Defendants' Counsel from Lead Counsel of all necessary payment details to accomplish payment of the Settlement Amount by wire transfer or check, including payee name, payee mailing address, bank account number, name of bank, and bank address, a Sort Code or ABA Routing Number, the currency of the account receiving the funds, wire transfer instructions, the Tax Identification Number, and an executed Form W-9.  The Settlement Amount shall constitute the full and sole monetary contribution made by or on behalf of Defendants and the Released Parties in connection with the resolution of the Action and the Settlement.  If the Settlement Amount, or any portion thereof, is not deposited into the Escrow Account by the date provided for in this paragraph, or after reasonable time to cure any deficiency, the Settling Parties agree that Defendants will not be obligated to pay the Settlement Amount or any portion thereof and Plaintiffs', Class Counsel's, and any other parties' remedy against Defendants shall be to terminate the Settlement, in which case ¶ 37 below shall govern.

### III.    CAFA NOTICE

3.      Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, no later than ten (10) days after the Stipulation is filed with the Court, the AMC Defendants will serve proper notice of the proposed Settlement upon the appropriate representatives and, within three (3) business days thereafter, will provide written notification to Lead Counsel and the Court that they have done so. The AMC Defendants shall be responsible for all costs and expenses related to such notification.

### IV.    RELEASES

4.      Upon the Effective Date, Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Class Member actually submits a Proof of Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and Litigation Expenses, shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every Released Claim against each and every Released Party,

and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

5.      With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, and of any U.S. federal or state law, or principle of common law or the law of any foreign jurisdiction, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides, in relevant part:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and other Class Members, or certain of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and the Class Members, and each of them, upon the Effective Date, by operation of the Judgment, shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion

of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

6.      Upon the Effective Date, Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute or maintain, on behalf of any Class Member, any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Class Member actually submits a Proof of Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and Litigation Expenses, and in accordance with the terms of the proposed Judgment attached hereto as Exhibit B, shall have covenanted not to sue the Released Parties with respect to any of the Released Claims, and are forever barred and enjoined from commencing, instituting, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action, against any Released Party.

7.      Upon the Effective Date, each of the Released Parties, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, assigns, successors and predecessors, estates, heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons or entities they represent, shall, with respect to each and every one of the Settled Defendants' Claims, release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from instituting, commencing, or prosecuting the Settled Defendants' Claims.

### V.    USE AND TAX TREATMENT OF SETTLEMENT FUND

8.      The Settlement Fund shall be held and invested in the Escrow Account as provided in ¶ 9 hereof.  If the Settlement becomes Final, any interest earned on the Settlement Fund shall be for the benefit of the Class.  If the Settlement does not become Final and the Settlement is terminated for any reason, within ten (10) days of termination, the Settlement Fund shall be returned pursuant to written instructions from Weil, Gotshal & Manges LLP, together with any interest earned on the Settlement Fund, less any Notice and Administration Costs actually incurred.

9.      The Escrow Agent shall invest any funds in United States Agency or Treasury Securities having maturities of one hundred and eighty (180) days or less, money market mutual funds comprised of investments secured by the full faith and credit of the United States government, or an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"), and shall collect or reinvest all interest accrued thereon.  The Released Parties and Defendants' Counsel shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent.  The Settlement Fund and the Escrow Agent shall bear all risks and liability related to investment of the Settlement Amount.

10.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or as otherwise ordered by the Court.

11.     Subject to the terms and conditions of this Stipulation, the Settlement Fund shall be used to pay:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  In no event shall the Released Parties bear any responsibility for any fees, costs, or expenses in connection with the Settlement or the Judgment beyond payment of the Settlement Amount.

12.     After (i) the Judgment becomes Final, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation; provided, however, that any amounts in the Escrow Account necessary for payment of Taxes and Tax Expenses and/or Notice and Administration Costs shall remain in the Escrow Account for such purpose.

13.     Except as provided herein, the Net Settlement Fund shall remain in the Escrow Account prior to the distribution to Authorized Claimants.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the terms of this Stipulation.

14.     The Settling Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, and that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.

Such returns shall be consistent with this paragraph and, in all events, shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 15 herein.  The Claims Administrator shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund, and is authorized to withdraw, without prior order of the Court, from the Settlement Fund such amounts as are necessary to pay Taxes and Tax Expenses.  Upon request from the Claims Administrator, Defendants will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e).  However, neither the Released Parties nor Defendants' Counsel shall have any liability or responsibility for the filing of, or failure to file, any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  The Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the qualified settlement fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.    All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any responsibility for, and no liability with respect to, payment of any such Taxes or Tax Expenses, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Counsel, or their agents, including, without limitation, with regard to Taxes and Tax Expenses.  The Settling Parties agree

to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Stipulation with regard to Taxes and Tax Expenses.

16.     If all conditions of the Settlement are satisfied and the Judgment is entered and becomes Final, no portion of the Settlement Fund will be returned to Defendants, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 24 and is of such an amount that in the discretion of the Claims Administrator it is not cost effective or efficient to redistribute to the Class, then such remaining funds, after payment of any further Notice and Administration Costs, and Taxes and Tax Expenses, shall be donated to a non-sectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), to be designated by Lead Counsel.

## VI.     CLASS CERTIFICATION

17.     As the Court has already certified the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class, certified Plaintiffs as class representatives, and appointed Lead Counsel as counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Settling Parties understand that no additional certification of the Class for the purpose of the Settlement is necessary.

## VII.     PLAN OF ALLOCATION

18.     The Net Settlement Fund shall be distributed to Authorized Claimants in accordance with a Plan of Allocation prepared by Lead Counsel, in conjunction with Lead Plaintiff's damages expert and set forth in Exhibit A-1.  The Released Parties and Defendants'

Counsel have had no role in the preparation of, nor shall they have any responsibility or liability for, the Plan of Allocation.

19.     The finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees or Litigation Expenses.  The Plan of Allocation and an award of attorneys' fees or Litigation Expenses are not necessary terms of this Settlement, and it is not a condition of this Settlement that any particular plan of allocation or any award of attorneys' fees or Litigation Expenses be approved by the Court.  Any order or proceeding relating to a request for approval of the Plan of Allocation or award of attorneys' fees or Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.  None of the Settling Parties may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any award of attorneys' fees or payment of Litigation Expenses.  There shall be no distribution of any of the Settlement Fund to any Authorized Claimant until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.  Again, and for the avoidance of doubt, the Released Parties and Defendants' Counsel shall have no responsibility for, and no liability with respect to, the investment or distribution of the Settlement Fund, nor for the Plan of Allocation.

## VIII.   ATTORNEYS' FEES AND LITIGATION EXPENSES

20.     Class Counsel may apply to the Court for an award of attorneys' fees and Litigation Expenses from the Settlement Fund.  Litigation Expenses may include the expenses of Plaintiffs

up to $40,000.00 in the aggregate in accordance with 15 U.S.C. § 78u-4(a)(4).  Attorneys' fees and Litigation Expenses are not the subject of any agreement between the Settling Parties other than what is set forth in this Stipulation.

21.     The Released Parties take no position on Class Counsel's request for attorneys' fees or Litigation Expenses, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses that the Court may award, which shall be paid in their entirety from the Settlement Fund.

22.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Class Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims.  The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Class Counsel's application for attorneys' fees and Litigation Expenses.

23.     Any attorneys' fees and Litigation Expenses that are awarded shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as would have been earned had those sums remained in the Escrow Account.  In the event that the Effective Date does not occur, or the Judgment or the Fee and Expense Order is reversed or modified by a Final, non-appealable order, or the Settlement is terminated or canceled for any reason, Lead

Counsel shall be obligated and do hereby agree to refund to the Escrow Account such attorneys' fees and Litigation Expenses that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account, within ten (10) days from receiving notice from Defendants' Counsel or from the Court to refund the Escrow Account.  Class Counsel is responsible for refunding 100% of the sums to be refunded regardless of whether the sums were distributed to Plaintiffs (as their expenses) as provided in Paragraph 20, or to other counsel.

## IX.    ADMINISTRATION OF THE SETTLEMENT

24.    The Claims Administrator, subject to the supervision of Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Net Settlement Fund to Authorized Claimants, and perform all claims administration procedures necessary or appropriate in connection therewith.   The Claims Administrator shall receive and administer Claims in accordance with the Plan of Allocation approved by the Court.  The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1.

25.    The Released Parties shall have no liability, obligation, or responsibility whatsoever to any person, including, but not limited to, Class Members, the Escrow Agent, Class Counsel, Plaintiffs, or the Claims Administrator, in connection with the Plan of Allocation, the administration of the Settlement, the investment of the Settlement Fund, the processing of Claims, or the disbursement of the Settlement Fund or the Net Settlement Fund.  The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses on the Settlement Fund of any kind whatsoever (including, without limitation, Taxes payable by reason of any such indemnification), as well as for any claims related to the Plan of Allocation, the

administration of the Settlement, the investment of the Settlement Fund, the processing of Claims, or the disbursement of the Settlement Fund or the Net Settlement Fund.  Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim so indemnified.

26.     Within ten (10) business days of the Court's Preliminary Approval Order, AMC will use reasonable efforts to cause AMC's transfer agent to provide the Claims Administrator, in a computer-readable format, the last known names and addresses of all of AMC's stockholders of record during the Class Period.

27.     Lead Counsel shall cause the Claims Administrator to mail the Notice to those Class Members who may be identified through the records maintained by or on behalf of AMC, and to any other potential Class Members who may be identified through reasonable effort, and to publish the Summary Notice pursuant to the terms of the Preliminary Approval Order entered by the Court.

28.     By submitting a Claim, a Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Class Member's status as a Class Member and the validity and amount of his, her, or its Claim.  No discovery shall be allowed on the merits of this Action or the Settlement in connection with the processing of Proof of Claim Forms, nor shall any discovery be taken of the Released Parties in connection with such (or any other) matters.

29.     Payment pursuant to the Plan of Allocation and the determination of the Claims Administrator shall be final and conclusive against any and all Class Members.  All Class Members who did not submit a Claim or whose Claim was not approved shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of the

Settlement and this Stipulation, including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim, or proceeding of any kind against any Released Party concerning any Released Claim.

30.     All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## X.     OBJECTIONS AND REQUESTS FOR EXCLUSION

31.     Any Class Member may appear at the Final Approval Hearing and show cause why the Settlement should or should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Class Counsel for an award of attorneys' fees and Litigation Expenses.  However, no Class Member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Judgment to be entered thereon approving the Settlement, the terms of the Plan of Allocation, or the application by Class Counsel for an award of attorneys' fees and Litigation Expenses, unless that Class Member (i) has served written objections, by hand or first-class mail, which set forth the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position, upon Class Counsel and Defendants' Counsel no later than twenty-one (21) days prior to the Final Approval Hearing; and (ii) filed his, her, or its objections, papers, and briefs with the Clerk of the Court by no later than twenty-one (21) days prior to the Final Approval Hearing.  Any objection must include:  (a) the full name, address, and telephone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions in AMC's common stock

during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition, or sale and the price or other consideration paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on the objector's behalf at the Final Approval Hearing.  Any Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement, the Judgment, the Plan of Allocation, or the application by Class Counsel for an award of attorneys' fees and Litigation Expenses.  The Notice shall also state the manner in which a notice of objection should be prepared, filed, and delivered.  By objecting to the Settlement, the Judgment, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited

to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in this Stipulation and the Judgment).

32.     A Class Member requesting exclusion from the Class must timely provide the following information to the Claims Administrator:  (i) name; (ii) address; (iii) telephone number; (iv) number of shares of AMC common stock purchased, acquired, or sold during the Class Period; (v) prices or other consideration paid or received for such AMC common stock; (vi) the date of each purchase, acquisition, or sale transaction; and (vii) a statement that the person or entity wishes to be excluded from the Class.  Unless otherwise ordered by the Court, any Class Member who does not timely submit a written request for exclusion as provided by this Paragraph shall be bound by the Settlement.  Lead Plaintiff shall request that any requests for exclusion must be received by the Claims Administrator no later than twenty-one (21) days prior to the Final Approval Hearing.

33.     The Claims Administrator shall scan and electronically send copies of all requests for exclusion in PDF format (or such other format as shall be agreed upon) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than two (2) days) after the Claims Administrator receives such a request.  Lead Counsel shall provide Defendants' Counsel, within two (2) days after the expiration of the request for exclusion deadline, copies of all requests for exclusion by Class Members, who will be identified to the Court as having validly and timely requested exclusion from the Class.  Lead Counsel will submit to the Court a final list of all persons or entities who have requested exclusion from the Class and shall certify that copies of all requests for exclusion received by the Claims Administrator have been provided to Defendants' Counsel at least two (2) days before the Final Approval Hearing.

## XI.    PRELIMINARY APPROVAL OF THE SETTLEMENT

34.    Promptly after execution of this Stipulation, Plaintiffs, by and through Class Counsel, with Defendants' Counsel's consent, shall submit the Stipulation, together with its exhibits, to the Court, and shall move for entry of the Preliminary Approval Order, among other things, preliminarily (i) approving the Settlement, (ii) approving the contents and method of distribution of the Notice and Summary Notice, (iii) approving the contents of the Proof of Claim Form, (iv) setting a date for the Final Approval Hearing, and (v) setting deadlines for filing objections, submitting requests for exclusion, submitting Proof of Claim Forms, and filing briefs in support of the Settlement and fee and expense award.  To permit compliance with the settlement notice requirements of the Class Action Fairness Act, the Final Approval Hearing shall take place no earlier than one hundred (100) days after the filing of this Stipulation with the Court.

## XII.    JUDGMENT APPROVING THE SETTLEMENT

35.    Plaintiffs, by and through Class Counsel, with Defendants' Counsel's consent, shall request that the Court, if it approves the Settlement following the Final Approval Hearing, enter the Judgment.  The Settlement is expressly conditioned upon, among other things, the entry of a Judgment substantially in the form attached hereto as Exhibit B and in all respects consistent with this Stipulation.

## XIII.    EFFECTIVE DATE OF THE SETTLEMENT AND TERMINATION

36.    The Effective Date of the Settlement shall be the first date by which all of the following have occurred:

a)    The Court has entered the Preliminary Approval Order;

b)    AMC has caused the Settlement Amount to be deposited into the Escrow Account;

c)     The AMC Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 38 herein;

d)     The Court has approved the Settlement following notice to the Class and the Final Approval Hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

e)     The Judgment has become Final, as defined in ¶ 1(o) herein.

37.     The Settling Parties each shall have the right to terminate the Settlement by providing written notice of their election to do so to the other within twenty (20) days of the date on which: (i) the Court refuses to approve the Settlement or the terms contained in this Stipulation in any material respect; (ii) the Court declines to enter the Preliminary Approval Order in any material respect; (iii) the Court refuses to grant final approval of the Settlement or any material part of this Stipulation; (iv) the Court declines to enter the Judgment in any material respect; (v) any appellate court refuses to approve the Judgment in such a way that the Court cannot, on remand from such an appeal, enter the Judgment; (vi) the Effective Date of the Settlement does not occur; or (vii) the payment of the Settlement Amount is not satisfied in accordance with the terms herein. In addition, the AMC Defendants may also terminate the Settlement in accordance with ¶ 38. The foregoing list is not intended to limit or impair the Settling Parties' rights under the law of contracts of the State of New York with respect to any breach of this Settlement (except as provided in ¶ 2 hereof). In the event the Settlement is terminated, the provisions of this Paragraph and of ¶¶ 8, 9, 10, 11, 13, 15, 23, 25, 39, 40, 44, 45, 46, 47 53, 56, 57, 58, 59, and 60 shall survive termination. If the Settlement does not become Final or is terminated for any reason, within ten (10) days of termination, the Settlement Fund shall be returned to Defendants pursuant to written instructions from Defendants' Counsel, together with any interest earned on the Settlement Fund, less any

Notice and Administration Costs actually and reasonably incurred.  For the avoidance of doubt, the Settling Parties stipulate and agree that any change to the scope of the releases that are provided in this Stipulation and the Judgment would constitute a material change that gives rise to Defendants' right to terminate this Stipulation and the Settlement.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, and shall not be grounds for termination of this Stipulation or the Settlement.

38.     The AMC Defendants shall have the option to terminate the Settlement in the event that Class Members who collectively hold shares of AMC stock that, in the aggregate, equal or exceed the threshold (the "Opt-Out Threshold") set forth in a separate, confidential agreement (the "Supplemental Agreement") executed between Class Counsel and the AMC Defendants' counsel, which is incorporated by reference into this Stipulation, timely and validly request exclusion from the Class in accordance with the terms of this Stipulation.  The Opt-Out Threshold may be disclosed *in camera* to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.  For the avoidance of doubt, if the AMC Defendants terminate the Settlement, such termination shall apply to all other Defendants (which do not have and shall not have any obligation of any kind as to the Settlement Amount).

39.     Except as otherwise provided herein, in the event the Settlement is terminated, the Settling Parties reserve their rights to proceed in all respects as if the Settlement had not been entered into and without any prejudice in any way from the negotiation, fact, or terms of the

Settlement.  If the Settlement is terminated, the Settling Parties shall be restored to their respective positions in the Action as of September 3, 2021, the date the Court entered its order adjourning all future deadlines in the Action, and the Settling Parties will, in good faith, propose a new case schedule for the completion of briefing on any motions for summary judgment, motions *in limine*, and other pretrial proceedings and for the trial of the Action.

## XIV.   NO ADMISSION OF WRONGDOING

40.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of the Settlement and this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a)      shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or Plaintiffs or the other Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or the other Released Parties;

b)      shall not be offered or received against (i) Defendants or the other Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or other Released Party, or (ii) Plaintiffs or

31

any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

c)      shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or the other Class Members as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or other Released Parties or Plaintiffs or the other Class Members, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted to them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d)      shall not be construed against Defendants or the other Released Parties, Defendants' Counsel, Class Counsel, Plaintiffs, or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount; and

e)      shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the other Class Members that any of their claims are without merit.

41.     Defendants have denied, and continue to deny, each and every claim and contention alleged in the Action and affirm that they have acted properly and lawfully at all times.  Further, Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, and damage against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, and deny that they ever engaged in or committed any fraud, wrongdoing, improper conduct, violation of law, or breach of duty whatsoever.  Defendants also have denied, and continue to deny, that there were any materially false or misleading statements or material omissions in any of Defendants' public statements, including their filings with the U.S. Securities and Exchange Commission, and that Plaintiffs or any Class Member has suffered damage or harm of any kind.  Had the terms of the Settlement not been reached, Defendants would have continued to contest vigorously Plaintiffs' allegations, and Defendants maintain that they had and have meritorious defenses to all claims alleged in the Action.

## XV.    MISCELLANEOUS PROVISIONS

42.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

43.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs or any other Class Members in the Action and with respect to all Released Claims.  Except in the event of termination of the Settlement, Plaintiffs and Defendants agree not to assert, under Rule 11 of the Federal Rules of

Civil Procedure or any similar law, rule, or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The Judgment will contain a finding that, during the course of the Action, the Settling Parties and their counsel complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

44.     While maintaining their positions that the claims and defenses asserted in the Action are meritorious, Plaintiffs and Class Counsel, on the one hand, and Defendants and Defendants' Counsel, on the other hand, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the other's business, conduct, or reputation or that of their counsel based on the subject matter of the Action.

45.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.  After prior notice to the Court, but without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

46.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the truth or validity of any Released Claim, any allegations or claims made in the Action, or of any purported wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, negligence, fault,

omission, or wrongdoing as against any of the Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, or administrative agency or before any other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Settlement or the Judgment.

48.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected party or counsel for that party.

49.     This Stipulation, including its exhibits and the Supplemental Agreement, which are material parts thereof, constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     Plaintiffs agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation, and Defendants agree to provide such support as may be reasonably requested by Plaintiffs or Class Counsel.

52.     Each signatory to this Stipulation represents that he or she has authority to sign this Stipulation on behalf of Plaintiffs or Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken, pursuant to this Stipulation, to effectuate its terms.  Plaintiffs and Class Counsel also represent and warrant that none of Plaintiffs' claims in the Action, or that could have been alleged in the Action, have been assigned, encumbered, hypothecated, conveyed, transferred, or in any manner granted or given, in whole or in part, to any other person or entity.

53.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties, including all Released Parties, and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

54.     Any notice required by this Stipulation shall be submitted by overnight mail and e-mail to each of the signatories below.

55.     The administration, consummation, and enforcement of this Stipulation shall be under the authority of the Court, and the Settling Parties intend that the Court retain jurisdiction for the purpose of entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of the Settlement.

56.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

New York without regard to that State's choice-of-law principles, except to the extent that federal law requires that federal law governs.

57.     To the extent there are disputes regarding the interpretation of any term of this Stipulation, the Settling Parties will attempt to resolve any such dispute in good faith, including, if necessary, through further mediation discussions with David Geronemus.  If the Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of this Stipulation, any non-breaching Settling Party shall be entitled to bring an action seeking to enforce this Stipulation, and the exclusive forum for any such action shall be the Court.  The prevailing Settling Party in any such action to enforce this Stipulation shall be entitled to recover his, her, or its reasonable attorneys' fees and expenses incurred in connection with remedying the breach from the breaching Settling Party or Parties.

58.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

59.     Nothing in this Stipulation or the negotiations or proceedings relating to the Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information and documents transmitted between Class Counsel and Defendants' Counsel in connection with the Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state

court or other tribunal in accordance with Rule 408 of the Federal Rules of Evidence, as if such Rule applied in all respects in any such proceeding or forum.

60.     Except where specifically noted, all time periods set forth in this Stipulation will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

**IN WITNESS WHEREOF**, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 1, 2021.

<table>
<tr><td>

**MILLER SHAH, LLP**

*s/ James E. Miller*
James E. Miller
Laurie Rubinow
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
jmiller@millershah.com
lrubinow@millershah.com

**MILLER SHAH, LLP**
James C. Shah
Eric W. Young
Bruce D. Parke
Alec J. Berin
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Fax: (866) 300-7367
jcshah@millershah.com
elyoung@millershah.com
bdparke@millershah.com
ajberin@millershah.com

*Attorneys for the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware*

</td><td>

**WEIL, GOTSHAL & MANGES LLP**

*s/ John A. Neuwirth*
John A. Neuwirth
Joshua S. Amsel
Stefania D. Venezia
Matthew S. Connors
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
john.neuwirth@weil.com
joshua.amsel@weil.com
stefania.venezia@weil.com
matthew.connors@weil.com

*Attorneys for Defendants AMC Entertainment Holdings, Inc., Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Mao Jun Zeng, Anthony J. Saich, Lloyd Hill, Gary F. Locke, Howard W. Koch, Jr., and Kathleen M. Pawlus*

**SHEARMAN & STERLING LLP**

*s/ Adam S. Hakki*
Adam S. Hakki
Agnès Dunogué
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Fax: (212) 848-7179
ahakki@shearman.com
agnes.dunogue@shearman.com

</td></tr>
</table>

**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**

*s/ David A. Rosenfeld*
Samuel H. Rudman
Davis A. Rosenfeld
Christopher T. Gilroy
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Fax: (631) 367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
cgilroy@rgrdlaw.com

*Attorneys for Hawaii Iron Workers Pension Trust Fund*

*Attorneys for Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), Barclays Capital Inc., and Credit Suisse Securities (USA) LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 1, 2021, a true and correct copy of the foregoing **STIPULATION AND AGREEMENT OF SETTLEMENT** was served via the ECF/PACER system on counsel of record.

*s/ Laurie Rubinow*
Laurie Rubinow