## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HAWAII STRUCTURAL IRONWORKERS PENSION TRUST FUND, Individually and on behalf of all others similarly situated, | : : : : : | Civil Action No. 1:18-cv-00299-AJN (Consolidated for all purposes with Civil Action No. 1:18-cv-00510-AJN) |
| Plaintiff, | : : | |
| v. | : : | |
| AMC ENTERTAINMENT HOLDINGS, INC., *et al.*, | : : : | |
| Defendants. | : | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/2021

---

## ORDER PRELIMINARILY APPROVING THE SETTLEMENT, APPROVING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING

---

**WHEREAS,** The International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware and The Hawaii Iron Workers Pension Trust Fund (together, "Plaintiffs"), on behalf of themselves and the Class, have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement (the "Settlement") contained in the Stipulation and Agreement of Settlement dated November 1, 2021, (the "Stipulation") and for dismissal of the Action, with prejudice, upon the terms and conditions set forth in the Stipulation; and

**WHEREAS,** the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.       This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms that are not defined herein shall have the same meanings as set forth in the Stipulation.  As in the Stipulation, unless otherwise specified, all time periods set forth in this Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2.       The Court preliminarily finds that the Settlement should be approved as:  (a) the Settlement resulted from informed, extensive arm's-length and non-collusive negotiations between experienced counsel following mediation under the direction of an experienced meditator; (b) the Settlement eliminates the risks to the Settling Parties of continued litigation; (c) the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Class; (d) the Settlement does not provide excessive compensation to counsel for Plaintiffs; (e) the Settlement has no obvious deficiencies; and (f) the Settlement falls within a range of reasonableness that would warrant

eventual final approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class and further consideration of the Settlement at the Final Approval Hearing described below.

3.       On March 30, 2021, this Court certified the Class in this Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, which includes:  all persons and entities who purchased or otherwise acquired AMC Class A common shares in the Company's SPO on or about February 8, 2017, as well as all persons and entities who purchased or otherwise acquired the common stock of AMC (ticker symbol: AMC) between December 20, 2016 and August 1, 2017, both dates inclusive.  Excluded from the Class are:  (i) Defendants, directors, officers, and other employees of AMC, their families, and any entities in which any of the Defendants have a majority interest, the legal representatives, heirs, successors, predecessors-in-interest, or assigns of any of the Defendants, and the Judge(s) to whom this case is assigned, provided, however, that any Investment Vehicle shall not be excluded from the Class; and (ii) any putative members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure.

4.       The Court approves the form of Notice of Pendency of Class Action and Proposed Settlement (the "Notice") (annexed hereto as Exhibit A-1); the Summary Notice of Pendency of Class Action and Proposed Settlement ("Summary Notice") (annexed hereto as Exhibit A-2) (Exhibits A-1 and A-2 are together referred to as the "Notices"); and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing, and distribution of the Notices, substantially in the manner and form set forth in Paragraph 5 of this Preliminary Approval Order, meet the requirements of:  Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange

Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons or entities entitled thereto.

     5.    The Court approves the appointment of Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of Claims as more fully set forth below:

  a)  Within ten (10) days of the entry of this Preliminary Approval Order, the AMC Defendants will use reasonable efforts to cause AMC's transfer agent to provide the Claims Administrator, in a computer-readable format, the last known names and addresses of all of AMC's shareholders of record during the Class Period;

  b)  No later than twenty-one (21) days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form, annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Class who may be identified through reasonable effort. Such mailing shall be conducted by the Claims Administrator;

  c)  The Summary Notice annexed hereto as Exhibit A-2 shall be published once via *PR Newswire* or a similar national wire service and a nationally-circulated newspaper no later than seven (7) calendar days following the Notice Date; and

d) The Stipulation, the Notice, the Summary Notice, and the Proof of Claim Form shall also be placed on a website dedicated to administration of this Settlement no later than three (3) days following the Notice Date.[1]

6. Nominees who purchased or acquired AMC common stock for beneficial owners who are Class Members are directed to: (a) request, within fourteen (14) days of receipt of the Notice, additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice and the Proof of Claim Form to beneficial owners, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names, addresses, and email addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim Form to beneficial owners, nominees may seek reimbursement of their reasonable expenses up to a maximum of $.10 per Notice and Proof of Claim Form plus postage for the current pre-sort rate used by the Claims Administrator, per Notice and Proof of Claim Form actually mailed; $0.05 per link to the location of the Notice and Proof of Claim Form emailed to the beneficial owners/purchasers; or $.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including

---

[1] All brief and other documentation filed in support of approval of the Settlement as provided in ¶ 9 hereof shall be posted to the website no later than three (3) days following the Notice Date.

timely mailing of the Notice, if the nominee elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund provided that they are fair and reasonable and do not exceed the maximum amount allowed.

7. No later than thirty-five (35) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Preliminary Approval Order.

## I. HEARING: RIGHT TO BE HEARD

8. The Court will hold a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on  February 10 , 2022, at  3:00  P.M.,[2] in the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 906, New York, NY 10007, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Class Counsel's application for an award of attorneys' fees and Litigation Expenses to Class Counsel and Class representatives; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

---

[2] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than one hundred (100) days after entry of this Preliminary Approval Order, so that, among other things, they may comply with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

9.     Papers in support of the Settlement, the Plan of Allocation, and Class Counsel's application for an award of attorneys' fees and Litigation Expenses shall be filed no later than thirty-five (35) days prior to the Final Approval Hearing, and any reply papers in further support thereof shall be filed no later than seven (7) days before the Final Approval Hearing.

10.     Any member of the Class may appear at the Final Approval Hearing and show cause as to why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to Class Counsel's application for an award of attorneys' fees and Litigation Expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or Class Counsel's application for an award of attorneys' fees and Litigation Expenses, unless that Class Member (i) has served written objections, by hand or first-class mail, that include the basis for the objection, as well as copies of any papers and/or briefs in support of his, her, or its position, upon the following counsel for receipt no later than twenty-one (21) days prior to the Final Approval Hearing:

**Lead Counsel for the Class**

*MILLER SHAH LLP*
James E. Miller
Laurie Rubinow
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
         lrubinow@millershah.com

**Additional Counsel for the Class**

*ROBBINS GELLER RUDMAN & DOWD LLP*
Samuel H. Rudman
David A. Rosenfeld
Christopher T. Gilroy
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com
       drosenfeld@rgrdlaw.com
       cgilroy@rgrdlaw.com

**Counsel for the AMC Defendants**

*WEIL, GOTSHAL & MANGES LLP*
John A. Neuwirth
Joshua S. Amsel
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: john.neuwirth@weil.com
Email: joshua.amsel@weil.com

**Counsel for the Underwriter Defendants**

SHEARMAN & STERLING LLP
Adam S. Hakki
Agnès Dunogué
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: ahakki@shearman.com
Email: agnes.dunogue@shearman.com

and (ii) filed his, her, or its objections, papers, and briefs with the Clerk of the United States District

Court for the Southern District of New York no later than twenty-one (21) days prior to the Final

Approval Hearing.  Any objection must include:  (a) the full name, address, and telephone number

of the objecting Class Member;  (b) a list and documentation of all of the Class Member's

transactions in AMC's common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition, or sale and the price or other consideration paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection, including whether the objection is on behalf of the Class Member only, a portion of the Class, or the Class as a whole; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on the objector's behalf at the Final Approval Hearing. Any Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement, the Judgment, the Plan of Allocation, or the application by Class Counsel for an award of attorneys' fees and Litigation Expenses. The Notice shall also state the manner in which an objection should be prepared, filed, and delivered. By objecting to the Settlement, the Judgment, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement,

including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

11.    Any Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel, Additional Counsel, counsel for the AMC Defendants, and counsel for the Underwriter Defendants so that the notice is received at least fourteen (14) days prior to the Final Approval Hearing.

12.    All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class. If the Settlement is approved, all Class Members will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether a Class Member submits a Proof of Claim Form.

13.    Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Class Counsel.

14.    The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, without further notice to Class Members; and (b) approve the Settlement with modification and without further notice to Class Members. Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the website dedicated to the Settlement. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating

to the proposed Settlement; to allow, disallow, or adjust on equitable grounds the claims of any member of the Class; and as otherwise warranted.

## II.      CLAIMS PROCESS

15.      In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with the Settlement must be postmarked no later than ninety (90) days from the Notice Date.

16.      The Claims Administrator, subject to the supervision of Lead Counsel and the Court, will make administrative determinations concerning the acceptance and rejection of the submitted Proof of Claim Forms.  By submitting a Claim, a Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases provided for in the Stipulation and the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Class Member's status as a Class Member and the validity and amount of his, her, or its Claim.  No discovery shall be allowed on the merits of this Action or the Settlement in connection with the processing of Proof of Claim Forms, nor shall any discovery be taken of Defendants and the other Released Parties in connection with such (or any other) matters.

17.      Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the distribution of the Net Settlement Fund, but nonetheless will be bound by all of the terms of the Stipulation, including the releases provided for therein, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against

any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting Class Members.

## III. REQUEST FOR EXCLUSION FROM THE CLASS

18. Any requests for exclusion must be postmarked no later than twenty-one (21) days prior to the Final Approval Hearing. Any Class Member who wishes to be excluded from the Class must provide their (i) name; (ii) address; (iii) telephone number; (iv) number of shares of AMC common stock purchased, acquired, or sold during the Class Period; (v) prices or other consideration paid or received for such AMC common stock; (vi) the date of each purchase, acquisition, or sale transaction; and (vii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must also be signed by the person or entity requesting exclusion. All Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment.

19. Any member of the Class who does not request exclusion from the Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding relating to the Action, and shall be bound by the Stipulation and the Judgment, including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

20. The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Class Counsel's application for an award of attorneys' fees and Litigation Expenses, which, to the extent approved by the Court, shall be paid from the Settlement Fund. The Plan of Allocation and Class Counsel's application for an award of attorneys' fees and

Litigation Expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether the Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Class Counsel. Any appeal from any orders relating solely to the Plan of Allocation or to Class Counsel's application for an award of attorneys' fees and Litigation Expenses (or both), or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

21.     Unless the Settlement is terminated or not finally approved, only Class Members and Class Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed pursuant to the Settlement and/or further order of the Court.

23.     As set forth in the Stipulation, prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $500,000.00 in Notice and Administration Costs actually and reasonably incurred and associated with the administration of the Settlement. Prior to the Effective Date, payment of any Notice and Administration Costs exceeding $500,000.00 shall require notice to, and agreement from, Defendants, through Defendants' Counsel. Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Notice and Administration Costs in excess of $500,000.00. In the event the Court does not approve the Settlement, the Stipulation is terminated pursuant to its terms, or if the Settlement otherwise fails to become effective, neither Plaintiffs nor Class Counsel shall have

any obligation to repay any such amounts actually and properly incurred or disbursed for such purposes.  If the Settlement does not become Final or is terminated for any reason, within ten (10) days of termination, the Settlement Fund shall be returned pursuant to written instructions from counsel for the AMC Defendants, together with any interest earned on the Settlement Fund, less any Notice and Administration Costs actually incurred.

24.     Whether or not the Settlement is approved by the Court, the fact and terms of this Preliminary Approval Order and the Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement or the Stipulation, and any act performed or document signed in connection with the Settlement or the Stipulation:

a)      shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or by Plaintiffs or the other Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or the other Released Parties;

b)      shall not be offered or received against (i) Defendants or the other Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or other Released Party, or (ii) Plaintiffs or

any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

c)      shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or the other Class Members as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or other Released Parties or Plaintiffs or the other Class Members, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Settlement is approved by the Court, the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted to them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d)      shall not be construed against Defendants or the other Released Parties, Defendants' Counsel, Class Counsel, Plaintiffs, or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount; and

e)      shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the other Class Members that any of their claims are without merit.

25.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.

26.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except Paragraphs 22-25) shall be null and void, the Settlement shall be deemed terminated, and the Settling Parties shall return to their positions in the Action as of September 3, 2021, as provided for in the Stipulation.

27.     The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.  All funds held by the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

28.     Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, no Class Member, either directly, representatively, or in any other capacity, shall assert, commence or

prosecute against any of the Defendants or the Released Parties any of the Released Claims in this

Action, or in any other proceeding or forum.

**IT IS SO ORDERED.**

DATED: ___November 2, 2021___

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

17